NOT INTENDED FOR CITATION OR PUBLICATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | | |
|---|---|---|
| WILLIAM EILAND, JR., | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 7: 05-362-DCR |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| SUZANNE HASTINGS, Warden, et al., | ) | **AND ORDER** |
| | ) | |
| Respondents. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

William Eiland, Jr. (Eiland), a *pro se* Petitioner, is incarcerated at the United States Penitentiary-Big Sandy in Inez, Kentucky. He has submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 and has paid the $5.00 filing fee. This matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the Petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) permits a court to dismiss a case at any time if the court determines that the action is: (i) frivolous or malicious or (ii) fails to state a claim upon which relief can be granted.

## BACKGROUND

Petitioner Eiland indicates that he was convicted by a jury on July 30, 2002, of drug trafficking under 21 U.S.C. §841(a)(1); conspiracy to engage in drug trafficking under 21 U.S.C. §846; and aiding and abetting a drug trafficking crime under 18 U.S.C. §2. He was sentenced to a combined 151 months of incarceration, followed by a five-year term of supervised release. *United Sates v. William Eiland, Jr.*, 02-CR-21, Northern District of Indiana [Record Nos. 42, 43, 47].

In his petition, Eiland asserts that a police search of his apartment and his subsequent incarceration violate his inalienable rights to privacy, to contract, and to carry on his business. In particular, Eiland alleges that his arrest was wrongfully initiated because another sovereign citizen did not bring a complaint against him. Eiland suggests, in a nonspecific manner, that the prosecuting attorney was laboring under the mistaken impression that Eiland was a corporation, rather than a natural person. Eiland also indicates that certain laws under which he was arrested and convicted are unconstitutional.

Eiland does not point to any case decided by the Supreme Court after his conviction or direct appeal in support of his propositions.

## DISCUSSION

Ordinarily, 28 U.S.C. §2241 is used by prisoners to challenge the execution of a sentence, such as the computation of parole or sentence credits, not their conviction or sentence. *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979). As Eiland challenges his conviction and sentence, he

ordinarily must raise this claim through a post-conviction motion under 28 U.S.C. §2255. Although he does not expressly invoke the "savings clause" of § 2255, 28 U.S.C. §2255, ¶5, the Court construes the assertion in Eiland's petition that he is "actually innocent" as an effort to invoke this Court's jurisdiction under § 2241 on the ground that Eiland's remedy under § 2255 is allegedly "inadequate or ineffective" to test the legality of his detention.  Because Eiland acknowledges that his claims in this proceeding have not been presented before, the Court must determine whether his remedy under § 2255 is "inadequate or ineffective" before he is entitled to their consideration on the merits.

In *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999), the Sixth Circuit noted that § 2241 is not a "catch all" remedy, but is available only upon the petitioner's demonstration that his § 2255 remedy is truly "inadequate and ineffective." *Id.* at 756.  The court made clear that habeas corpus relief is unavailable to a federal prisoner if he fails to avail himself of a reasonable opportunity to obtain an earlier correction of a fundamental defect in his conviction or sentence under pre-existing law.  *Id.; see also United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).  In *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003) (*Martin I*), the Sixth Circuit further clarified by holding that the "savings clause" may only be invoked by a petitioner where he presents a viable claim of "actual innocence" based upon a subsequent Supreme Court decision interpreting the criminal statute under which he has been convicted in a materially different manner than that prevailing at the time of his conviction. *Id*. at 804; *see also Lott v. Davis*, 105 Fed.Appx. 13 (6th Cir. 2004) ("Although this court has not determined the exact scope of the

savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause.")

In this case, Eiland asserts that his conviction was unconstitutional and therefore void. This is not a claim of "actual innocence" because Eiland's assertions, even if true, do not assert that the trial court convicted him of conduct "that the law does not make criminal" in light of a Supreme Court decision handed down after his direct appeal or first collateral attack on his conviction. *Martin I*, 319 F.3d at 805; *Charles*, at 180 F.3d at 757; *Truss v. Davis*, 115 Fed.Appx. 772, 775 (6th Cir. 2004) ("Thus far, the only circumstance in which this court has found §2255 to be an ineffective or inadequate remedy is when the petition stated a facially valid claim for actual innocence.") Because the claims in Eiland's habeas corpus petition challenge matters that could and should have been raised on direct appeal, they do not present a facially-valid claim that he is actually innocent of the offense charged. Accordingly, the savings clause of § 2255 does not permit him to pursue this claim in a habeas corpus proceeding under § 2241. *Bousley v. United States*, 523 U.S. 614, 620 (1998).

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1) Petitioner Eiland's petition for a writ of habeas corpus is **DENIED**.

(2) The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This 14th day of February, 2006.

Signed By:
*Danny C. Reeves* DCR
United States District Judge